Commonwealth v. Enright.

CASE 99—INDICTMENT—JANUARY 29.

# Commonwealth v. Enright.

98    635
131    815

APPEAL FROM KENTON CIRCUIT COURT.

1. POOL-ROOMS—NUISANCE.—One who permits persons to habitually assemble in a house in his occupation and under his control and there to engage in betting, winning and losing money on horse races, is guilty of maintaining a common nuisance.
2. To CONSTITUTE A GOOD INDICTMENT FCR NUISANCE it is not necessary to allege that the acts done were "to the common nuisance," etc.

WM. J. HENDRICK, ATTORNEY-GENERAL, AND W. W. CLEARY FOR APPELLANT.

The indictment is good. The strictness of the common law is not now required in indictments for misdemeanors, and the omission of terms merely technical is not material. (Criminal Code, secs. 122, 337; Cheek v. Commonwealth, 79 Ky., 359; Rhodus v. Commonwealth, 2 Duv., 159; Furnish v. Commonwealth, 14 Bush, 181; Kaelin v. Commonwealth, 84 Ky., 354; Commonwealth v. McAtee, 8 Dana, 28; Commonwealth v. McChord, 2 Dana, 243, Gregory v. Commonwealth,

2 Dana, 417; 2 Bishop's Crim. Proc., 3d ed., sec. 864; Wood's Law of Nuisances, 2nd ed., secs. 45, 41, 26 and cases examined, referred to in opinion of Superior Court in case of Enright v. Commonwealth, March, 1892; Smith v. Commonwealth, 6 Ben. Mon., 21; 8 Am. and Eng. Enc. of Law, pp. 1066, 1073; Tanner v. Trustees of Albion, 40 Am. Dec., 337-340; Kneffer v. Commonwealth, 94 Ky., 359; Smith v. Western Union Tel. Co., 84 Ky., 664; Stevens' Criminal Law, Article 133.)

O'NEAL, PHELPS & PRYOR FOR APPELLEE. .

Brief not in record.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

The question in this case is whether the lower court properly sustained a demurrer to the indictment, which is as follows: "The grand jury of Kenton county, in the name and by the authority of the Commonwealth of Kentucky, accuse C. Enright of the offense of maintaining a common nuisance, committed as follows, to-wit: The said C. Enright, on the 7th day of May, 1891, in the county and State aforesaid, and before the finding of this indictment, and from that time up to and including the date of the finding of this indictment, did unlawfully suffer and permit divers persons, whose names are to the jury unknown, to habitually assemble in a house in the city of Covington, in said county, on the east side of Scott street, near the corner of Third street, the said house being then and there in the occupation and under his control, and then and there to engage in betting, winning and losing money on horse races, against the peace and dignity of the Commonwealth of Kentucky."

The reason urged by counsel, and for which, we suppose, the lower court adjudged the indictment insufficient, is that it does not contain the words "to the common nuisance of all good citizens of the Commonwealth, residing in the neighborhood or passing by," or any others of similar import.

As defined by our Criminal Code, an indictment is an ac-
cusation in writing, charging a person with the commission
of a public offense, and must contain:

"1st. The title of the prosecution, specifying the name of
the court in which the indictment is presented, and the
names of the parties.

"2d. A statement of the acts constituting the offense in
ordinary and concise language, and in such manner as to
enable a person of common understanding to know what is
intended, and with such degree of certainty as to enable the
court to pronounce judgment on conviction, according to the
right of the case." (Crim. Code, secs. 118, 122.)

It is plain that if the acts stated in an indictment for
maintaining a common nuisance do not in law constitute the
offense, an averment they were done, "to the common nui-
sance," etc., will not cure the defect, because it would not
add to the substance of the indictment, being as said in Bish-
op on Criminal Law, section 864, "a mere superfluous state-
ment of a mistaken conclusion of law." On the other hand,
if the acts done are such as to constitute the offense, and a
statement of them is made, in the language and manner and
with that degree of certainty required by the Code, it would
seem equally plain the omission of the averment would not
alone render the indictment defective, because, using lan-
guage of the same author, "it would not help what needs no
assistance, nor make plain what requires no explanation."

The question we are considering has not been heretofore
decided by this court, nor does there seem to be entire agree-
ment of authorities in regard to it; so in determining it we
must be guided by the Criminal Code, which as said in
Rhodus v. Commonwealth, 2 Duvall, 159, "dispenses with
form and requires substance only;" and as it, in neither
terms nor meaning, makes the averment in question a pre-

requisite to sufficiency of an indictment like this, we are of opinion the court erred in sustaining the demurrer, if the facts stated constitute the offense charged. That they do we think is settled by the case of Cheek v. Commonwealth, 79 Ky., 359. To decide otherwise would be a sacrifice of substance to mere form, and disregard of the reason and purpose of the Criminal Code.

The judgment is, therefore, reversed and cause remanded for proceedings consistent with this opinion.